FILED

02 FEB 13 AM 10: 32

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 6:02-cv-160-ORL-28KRS |
| ROBERT CARD, SUSAN CARD, AND KEITH HILL, | ) ) ) ) | **COMPLAINT** |
| Defendants. | ) ) | |

Plaintiff, Great-West Life & Annuity Insurance Company, pleads as follows:

1. This action to enforce the terms of the Health and Welfare Plan for Employees and Dependents of Kirchman Corporation (the "Plan") and for equitable relief arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## PARTIES

2. Plaintiff is a fiduciary of the Plan and, as such, is entitled to bring this action pursuant to 29 U.S.C. § 1132(a)(3).

3. Upon information and belief, Defendants Robert and Susan Card are citizens and residents of Ovieda, Florida.

4. Upon information and belief, Defendant Keith Hill is a citizen and resident of Altamonte Spring, Florida, and is doing business as a licensed attorney in Altamonte Springs, Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132 because this action to enforce provisions of the Plan arises under ERISA.

6. Pursuant to 29 U.S.C. § 1132(e)(2), venue is proper in this Court because breach of the Plan provisions has occurred, and is occurring, in this District.

## FACTUAL ALLEGATIONS

7. Defendants Robert and Susan Card are "Covered Persons" under the Plan, which is self-funded.

8. On or about November 21, 1999, Defendants Robert and Susan Card were injured in an accident.

9. In connection with the injuries from this accident, the Plan paid medical benefits on behalf of Defendants in the amount of $9,539.41.

10. The Plan contains a "Right of Recovery and Reimbursement" provision, which states:

**PROVISION FOR SUBROGATION AND RIGHT OF RECOVERY**

> An Other Party may be liable or legally responsible to pay expenses, compensation and/or damages in relation to an Illness incurred by a Member (i.e. Covered Person). A Covered Person is defined to also include the Member's legal representative.
>
> An Other Party is defined to include, but is not limited to, any of the following:
>
> - the party or parties who caused the Illness;
>
> - the insurer or other indemnifier or guarantor or indemnifier of the

- party or parties who caused the Illness;

- the Covered Person's own insurer (for example, in the case of uninsured, underinsured, medical payments or no-fault coverage);

- a worker's compensation insurer;

- any other person, entity, policy or plan that is liable or legally responsible in relation to the Illness.

Benefits may also be payable under this Plan in relation to the Illness. When this happens, Great-West may, at its option:

- subrogate, that is, take over the Covered Person's right to receive payments from the Other Party. The Covered Person will transfer to Great-West any rights he or she may have to take legal action arising from the Illness to recover any sums paid under the Plan on behalf of the Covered Person.

- recover from the Covered Person any benefits paid under the Plan from any payment the Covered Person is entitled to receive from the Other Party.

The Covered Person must cooperate fully with Great-West in asserting its subrogation and recovery rights. The Covered Person will, upon request from Great-West, provide all information and sign and return all documents necessary to exercise Great-West's rights under this provision.

Great-West will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration, that the Covered Person receives or is entitled to receive from any of the sources listed above.

This lien will not exceed:

- the amount of benefits paid by Great-West for the Illness, plus the amount of all future benefits which may become payable under the Plan which result from the Illness. Great-West will have the right to offset or recover such future benefits from the amount received from the Other Party; or

- the amount recovered from the Other Party.

If the Covered Person or his or her legal representative:

- makes any recovery from any of the sources described above; and

- fails to reimburse Great-West for any benefits which arise from the Illness;

then:

- the Covered Person will be personally liable to Great-West for the amount of the benefits paid under this Plan; and

- Great-West may reduce future benefits payable under this Plan for any Illness by the payment that the Covered Person or his or her legal representative has received from the Other Party.

**Great-West's first lien rights will not be reduced due to the Covered Person's own negligence; or due to the Covered Person not being made whole; or due to attorney's fees and costs.**

For clarification, this provision for subrogation and right of recovery applies to any funds recovered from the Other Party by or on behalf of:

- your minor covered Dependent

- the estate of any Covered Person; or

- on behalf of any incapacitated person.

11. Upon information and belief, Defendants have settled their claims for an amount in excess of $9,539.41.

12. Plaintiff has requested that Defendants abide by the terms of the Plan, but they have refused to do so.

13. On February 12, 2002, Defendant Keith Hill told Plaintiff that he would only pay

$1,000 of the lien amount. Defendant Keith Hill is holding the $9,539.41 in his trust account.

## I. ENFORCEMENT OF THE TERMS OF THE PLAN

14. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiff seeks imposition of a constructive trust and restitution against Defendants to enforce ERISA and the terms of the Plan.

15. By refusing to reimburse the Plan the $9,539.41, Defendants have violated the terms of the Plan.

16. Since these acts and/or practices violate the Plan's terms, this Court should enter an order requiring Defendants to turn over $9,539.41 to Plaintiff.

## II. PRAYER FOR RELIEF

Plaintiff requests that the Court enter an order imposing a constructive trust and order equitable restitution against Defendants, requiring Defendants to turn over $9,539.41 paid on behalf of Defendants Robert and Susan Card, as well as appropriate pre-judgment and post-judgment interest, and for any other relief to which the Plan is entitled and that the Plan be awarded reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

Date: February 12, 2002.

Respectfully submitted,

_____
Thomas H. Lawrence*
Jennifer Harris*
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1617
Memphis, Tennessee 38157
Telephone: (901) 844-4430
Facsimile: (901) 888-4435

*Motion to Appear *Pro Hac Vice* to be filed

ATTORNEYS FOR PLAINTIFFS